# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JAY GREGORY BRANCH SR. and TERRI ROBERTS BRANCH,<br><br>    Plaintiffs,<br><br>v.<br><br>TIFTON BANKING COMPANY,<br><br>    Defendant. | Civil Action 7:11-CV-44 (HL) |

## ORDER

This case is before the Court on Plaintiffs' Motion to Remand to Superior Court of Tift County. (Doc. 9). For the reasons discussed below, the Motion to Remand is granted. Defendant's Motion to Quash Service of Process (Doc. 4) and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6) are dismissed. In addition, the Court vacates its order (Doc. 7) entered May 25, 2011 granting the Motion to Substitute Party.

## I.    BACKGROUND

On January 13, 2011, Plaintiffs filed a complaint against Tifton Banking Company (the "Bank") in the Superior Court of Tift County, Georgia. The complaint alleges that the Bank breached a contract made between Plaintiffs and the Bank.

In November of 2010, the Georgia Department of Banking and Finance closed the Bank, and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC accepted the appointment. On March 28, 2011, the FDIC filed a motion to substitute itself, as receiver for the Bank, as the defendant in the

Superior Court action. The Superior Court granted Plaintiffs 30 days to respond to the Motion to Substitute. Before Plaintiffs filed their response to the Motion to Substitute, and before the Superior Court ruled on the Motion to Substitute, the FDIC removed the case to this Court. The FDIC contends that removal was timely and proper.

On May 31, 2011, Plaintiffs moved to remand the case to the Superior Court of Tift County. The Motion to Remand was filed more than 30 days after the FDIC filed its notice of removal. The FDIC opposes the Motion to Remand. It argues that removal was proper, and even if it was not, Plaintiffs waived any objection to the removal by not moving for remand within 30 days of the removal.

## II. DISCUSSION

The FDIC removed this case pursuant to 12 U.S.C. §§ 1819(b)(2)(A) and (b)(2)(B). Section 1819(b)(2)(A) states that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." Section 1819(b)(2)(B) states that "the [FDIC] may . . . remove any action . . . from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party."

Federal courts have subject matter jurisdiction over removed actions involving the FDIC as a party under § 1819(b)(2). Castleberry v. Goldome Credit Corp., 408 F.3d 773, 781 (11th Cir. 2005). Except as provided in § 1819(b)(2), the general removal statute, 28 U.S.C. § 1441(a) still applies when the FDIC is a party. Id. at 781

n. 8. The general remand statute, 28 U.S.C. § 1447, also applies. Section 1447(c) provides that a motion to remand a case for defects other than lack of subject matter jurisdiction must be made within 30 days after filing a notice of removal.

### A. Was the case properly removed?

Plaintiffs argue that the case should be remanded because the FDIC was not a party to the case at the time it was removed. The FDIC contends that its formal substitution was not required to trigger its removal rights under § 1819(b)(2); instead, it believes that its status as a receiver or the filing of its Motion to Substitute was sufficient.

In Castleberry, the Eleventh Circuit found that a complaint naming a subsidiary of a bank as a defendant and not the FDIC-receiver meant the complaint was not an action "filed against the [FDIC]" and no removal rights existed. Id. at 781. More recently, a district court in the Eleventh Circuit found that the FDIC's status as a receiver for a bank does not make it a party to a case. Vision Bank v. Bama Bayou, LLC, No. 10-0572-KD-M, 2011 WL 52166, at *1 (S.D. Ala. Feb. 14, 2011). The court reasoned that appointment as a receiver does not equate with substitution as a party. Id. (citation omitted). Castleberry and Vision Bank cause this Court to find that no removal rights were triggered when the case was filed because Plaintiffs' complaint does not name the FDIC as a party.

Whether filing of a motion to substitute triggers removal rights is a question of federal law. Castleberry, 408 F.3d at 784 ("[W]e must look to Federal Rules of Civil Procedure to determine whether [cross claimant] filed an action against the FDIC

3

under § 1819.") (citations and quotations omitted). Federal Rule of Civil Procedure 25(c) requires "that the court act upon a motion to substitute." It does not allow for an automatic substitution when there is a transfer of interest. Here, the Superior Court did not enter an order substituting the FDIC as a party in the case. Therefore, the FDIC was not a party and could not remove the case to federal court. The FDIC could only remove after the Superior Court granted its motion to substitute. *See* Uhlig v. Darby Bank & Trust Co., No. 4:10-cv-303, 2011 WL 1807014, at *3 (S.D. Ga. May 11, 2011) (ordering remand because the state court had not entered an order substituting the FDIC as a party to the case).

### B. Can the Court remand the case?

The FDIC argues that even if the removal was improper, the error was a defect in the removal process, which was waived by Plaintiffs. A district court cannot remand for procedural defects if the motion to remand is filed more than 30 days after the case is removed. In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410 (11th Cir. 1997). A district court can remand a case for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). Here, Plaintiffs filed their motion to remand more than 30 days after the notice of removal was filed. Therefore, the case may be remanded only if the Court determines it lacks subject matter jurisdiction.

A defect in the removal process "refers to any defect that does not go to the question of whether the case originally could have been brought in federal court. . . ." Corporate Mgmt. Advisors v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (citation omitted). For example, a failure to allege citizenship in the original

notice of removal is a procedural error if the record discloses no dispute that diversity jurisdiction actually exists. Id. (citation omitted). For procedural errors, a district court may consider additional evidence after the notice of removal is filed "to establish the facts present at the time of removal." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted).

This case shows no procedural error, but rather a lack of subject matter jurisdiction. Under the plain language of § 1819(b)(2), a district court does not have subject matter jurisdiction over a case until the FDIC is a party. The statute states that it is not until the FDIC becomes a party that the case arises under "the laws of the United States" and gives a district court jurisdiction. 18 U.S.C. § 1819(b)(2)(A); see also 28 U.S.C. § 1331 (stating "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States"). Moreover, Congress made clear that § 1819(b)(2) refers to subject matter jurisdiction when it titled § 1819(b)(2) "federal court jurisdiction."

This Court is not persuaded by the case of Pyle v. Meritor Savings Bank, 821 F.Supp. 1072, 1078 (E.D. Pa. 1993), cited by the FDIC in its response. The court in Pyle found that a failure to substitute the FDIC prior to removal was a procedural error. That case, however, failed to account for § 1819(b)(2)'s plain language which establishes subject matter jurisdiction only after the FDIC is made a party.

In this case, there is no dispute that the FDIC was never substitute as a party prior to removal. Therefore, subject matter jurisdiction does not exist. The error

5

cannot be cured by presenting additional evidence or filing an amended notice of removal. Remand is required.

### C. Vacation of order granting substitution

In an order dated May 25, 2011, the Court granted the FDIC's motion to substitute itself, as receiver for the Bank, as the defendant in this case. As discussed above, the Court never had subject matter jurisdiction over this case, and therefore did not have jurisdiction to enter an order on the motion to substitute. The May 25, 2011 order is vacated.

## III. CONCLUSION

Plaintiffs' Motion to Remand to Superior Court of Tift County (Doc. 9) is granted. Defendant's Motion to Quash Service of Process (Doc. 4) and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6) are dismissed. The Court's May 25, 2011 order (Doc. 7) is vacated. This case is remanded to the Superior Court of Tift County, Georgia.

**SO ORDERED**, this the 19th day of July, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh