IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAY GREGORY BRANCH SR. and TERRI ROBERTS BRANCH, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Tifton Banking Company, <br><br> Defendant. | Civil Action No. 7:11-CV-44 (HL) |

## ORDER

This case is before the Court on Defendant Federal Deposit Insurance Corporation, as receiver for Tifton Banking Company's ("FDIC-R") Rule 12(b)(6) Motion to Dismiss (Doc. 26). For the reasons discussed below, the Motion to Dismiss is granted.

## I.    FACTS

At all times relevant to this case, Plaintiffs were in the real estate business. In 2005 they decided to purchase two lots in Florida to later sell. Tifton Banking Company provided the financing for the purchases. The first lot purchased was Lot 12, Sandpiper Village, in Franklin County, Florida. Plaintiffs financed $361,000 on an annual, interest only basis. The second lot purchased was Lot

21, Osprey Village, also in Franklin County, Florida. Plaintiffs financed $315,000 on an annual, interest only basis.

Due to the economic downturn, Plaintiffs were unable to sell the two lots. Until 2008, Plaintiffs continued to make interest only payments on the loans. The complaint states that during the 2005-2008 time period Pat Hall, then-president of Tifton Banking Company, "continued to renew the notes with the same terms and assurances to the Plaintiffs that the Defendant would support Plaintiffs [sic] existing debts as the debts were originally financed and expressly stated the terms of payment of the notes could be modified if necessary." (Compl., ¶ 8). However, throughout 2008 and into the first of 2009, Plaintiffs were unable to make even the interest payments. Plaintiffs state that during that time, Pat Hall agreed "to accept late payments, payments in lesser amounts than due, extensions of the notes, delinquent payments, no payments and any attempts of Plaintiffs to pay and keep current these two specific notes. Moreover, Pat Hall agreed to alter the terms of these debts on the lots and continue to manage the notes pursuant to ability or inability of the Plaintiffs to pay." (Compl., ¶ 10).

During the fall of 2009, Tifton Banking Company sued Plaintiffs on the two outstanding notes. It began the collection process against Plaintiffs, and Plaintiffs eventually filed for bankruptcy protection.

On November 12, 2010, Tifton Banking Company was closed by the Georgia Department of Banking and Finance. The FDIC was named receiver.

On January 18, 2011, Plaintiffs filed a complaint against Tifton Banking Company in the Superior Court of Tift County alleging breach of contract. Plaintiffs contend they reached an agreement with Tifton Banking Company prior to its closure to mutually depart from the terms of the original notes through a pattern and course of conduct. Plaintiffs allege that by reverting to the original terms of the notes and suing Plaintiffs on the original terms, Tifton Banking Company breached the agreement. Plaintiffs seek damages, attorney's fees, and litigation costs.

The FDIC-R, in its capacity as receiver of Tifton Banking Company, removed the case to this Court on April 13, 2011. Plaintiffs filed a motion to remand the case to the Superior Court of Tift County. That motion was granted on July 19, 2011, and as part of that order, the Court vacated a prior order substituting the FDIC-R as the proper party-defendant. The FDIC-R appealed the remand order to the Eleventh Circuit Court of Appeals. In light of a July 2012 decision, the Eleventh Circuit vacated the remand order and also vacated the order vacating the prior order of substitution of the FDIC-R.

Once the mandate from the appellate court issued, the FDIC-R was directed to file an answer or other responsive pleading.[1] On September 26, 2012, it filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[1] Under the Eleventh Circuit's order, the FDIC-R was substituted as the party-defendant at the time it filed its motion to substitute in the state court action. Thus, the FDIC-R is the proper defendant in this case.

arguing that Plaintiffs have failed to state a claim for relief. Plaintiffs did not file a response to the motion.

## II.    ANALYSIS

### A.    Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the facial sufficiency of a complaint. When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal quotations, citations, and alterations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570.

In Ashcroft v. Iqbal, the Supreme Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In considering a motion to dismiss, the court should "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 566 U.S. at 679). The court may also "infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.'" Id. (quoting Iqbal, 556 U.S. at 682).

### B.   The D'Oench doctrine and 12 U.S.C. § 1823(e)

The FDIC-R argues that Plaintiffs' breach of contract claim fails as a matter of law under the doctrine established by the Supreme Court in D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676 (1942) (the "D'Oench doctrine"). The Court in D'Oench held that when the FDIC takes over a failed bank and its assets, the FDIC is not bound by agreements which are not in writing and are not contained in the bank's records. Id.; *see also* Murphy v. FDIC, 208 F.3d 959, 963 (11th Cir. 2000) (holding that as insurer of a bank's deposits, the FDIC is not liable for "any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records") (quotation and internal quotation marks omitted); First Union Nat. Bank of Fla. v. Hall, 123 F.3d 1374, 1379 (11th Cir. 1997) (In D'Oench, "the Supreme Court held that the FDIC's interest in an asset it acquired from a failed bank could not be diminished by alleged 'agreements' not disclosed in the failed bank's records.") The purpose of "D'Oench and its

progeny [is to] enable the FDIC, and the banks that acquire insolvent banks' assets from the FDIC, to make quick and accurate appraisals of the value of insolvent banks' assets by protecting the FDIC and its transferees against undisclosed agreements that would unexpectedly diminish the value of those assets." Hall, 123 F.3d at 1378-79.

The D'Oench doctrine has been codified at 12 U.S.C. § 1823(e), which provides:

> No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement --
>
> (A)   is in writing,
>
> (B)   was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C)   was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D)   has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1).

"Any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the [FDIC]." 12 U.S.C. § 1821(d)(9)(A). The party claiming the adverse interest bears the burden of establishing that an agreement satisfies § 1823(e)(1)'s requirements. *See* FDIC v. Oldenburg, 34 F.3d 1529, 1551 (10th Cir. 1994); FDIC v. Singh, 977 F.2d 18, 26 (1st Cir. 1992).

"[C]ourts have found the aims of section 1823(e) and D'Oench identical and thus have construed defenses premised upon section 1823(e) and D'Oench in tandem." Twin Const., Inc. v. Boca Raton, Inc., 925 F.2d 378, 382 (11th Cir. 1991). Applying both § 1823(e) and D'Oench, it is clear that Plaintiffs cannot pursue their claim against the FDIC-R. It is Plaintiffs' burden to show that the § 1823(e) requirements are met, which they have not done. There are no allegations contained in the complaint reflecting the existence of any written and executed documentation as to the alleged loan modifications, and Plaintiffs have not submitted any such writings in response to the motion to dismiss. Further, there are no allegations or evidence that the alleged modifications were approved by the board of directors or the loan committee. Finally, there are no allegations suggesting that any properly executed loan modification agreement was contained in the official records of Tifton Banking Company.

III.     **CONCLUSION**

Based on the foregoing, the FDIC-R's Motion to Dismiss (Doc. 26) is granted. Plaintiffs' complaint against the FDIC-R is dismissed in its entirety. [2]


**SO ORDERED**, this the 26th day of November, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[2] Plaintiffs' claim as stated in their complaint is a breach of contract claim. However, if Plaintiffs' claim could be read to include a tort claim, it still fails because the D'Oench doctrine also applies to tort claims. *See* OPS Shopping Ctr. v. FDIC, 992 F.2d 306, 310 (11th Cir. 1993).